UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM C. RICHARDSON (#113025) | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 10-38-BAJ-CN |
| CATHY STROUD, CAPTAIN, ET AL. | |

-consolidated with-

| | |
|---|---|
| WILLIAM C. RICHARDSON (#113025) | |
| | CIVIL ACTION |
| VERSUS | |
| | NO. 10-83-BAJ-CN |
| CATHY STROUD, CAPTAIN, ET AL. | |

## RULING

The court has carefully considered the complaint, the record, the law applicable to the action, and the Report and Recommendation of United States Magistrate Judge Christine Noland, dated June 14, 2010 (doc. 11).

Plaintiff has filed an objection to the Report and Recommendation in which he argues that the Report and Recommendation fails to address his assertion of an imminent danger exception to the "three strikes" provision of 28 U.S.C. §1915(g) (doc. 17). The record, however, demonstrates that, on February 17, 2010, plaintiff appealed the Magistrate Judge"'s order to pay the filing fee (doc. 4), and, on April 19, 2010, he asserted the imminent danger exception in his motion for reconsideration of the same order (doc. 5). The motion for reconsideration was denied on April 20, 2010, and the Court affirmed the Magistrate Judge's order on June 9, 2010 (doc.

1

10). Even if the Court had not previously ruled on plaintiff's assertion of the imminent danger exception, the Court, having reviewed plaintiff's assertion of the exception, finds no merit in his argument.[1]

The court hereby approves the Report and Recommendation of the Magistrate Judge and adopts it as the Court's opinion herein.

## CONCLUSION

Accordingly, plaintiff's Complaint shall be **DISMISSED**, without prejudice for failure to pay the Court's filing fee..

Baton Rouge, Louisiana, September 7, 2010.

---

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[1]Plaintiff asserts that he is in imminent danger because he is exposed to second hand tobacco smoke in the dorm and because "sergeants/inmates in the dorm who continuously smoke both cigars/cigarettes in the dorm are actually angry at petitioner because he complains about being involuntarily exposed to their poison tobacco smoke; thus they are actually hostile toward petitioner with ill feelings which has created an admosphere [sic] for daily verbal or physical confrontations . . ." (doc. 5, p. 3).